IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE GROUP THERAPY SERVICES, INC., <br><br> PLAINTIFF <br><br> v. <br><br> CHRISTIAN WOMAN'S BENEVOLENT ASSOCIATION d/b/a CHRISTIAN CARE HOME, <br><br> Summons for: <br> Officer of Christian Care Home <br> at 800 Chambers Road <br> Ferguson, Missouri, 63135 <br><br> DEFENDANT. | Case No. _____ |

## COMPLAINT

Plaintiff, RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc. ("RehabCare"), states as follows for its Complaint against Defendant, Christian Woman's Benevolent Association d/b/a Christian Care Home ("Defendant" or "Christian Care"):

### NATURE OF THE ACTION

1. This Action arises out of Defendant's failure to pay for therapy services provided by RehabCare to the residents of a skilled nursing facility which is owned and/or operated by Defendant.

## THE PARTIES

2. RehabCare is a Delaware corporation with its principal place of business in Louisville, Kentucky. RehabCare provides therapy services to residents of long term care and skilled nursing facilities.

3. Defendant is a Missouri benevolent corporation with its principal place of business in Ferguson, Missouri. Defendant owns and/or operates a skilled nursing facility at 800 Chambers Road, Ferguson, Missouri 63135 (the "Facility").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant as Defendant transacts business in this state and agreed, pursuant to the contracts as set forth below, to jurisdiction here.

6. Venue is proper in this Court because Defendant conducts business in this judicial district and agreed, pursuant to the contracts as set forth below, to venue here.

## STATEMENT OF FACTS

7. RehabCare entered into a Therapy Services Agreement (the "Services Agreements")[1] as modified from time to time to provide therapy services to patients of Defendant at the Facility.

8. RehabCare entered into a Staffing Agency Agreement with Defendant (the "Staffing Agreement")[2] as modified from time to time to provide rehabilitation staffing services to Defendant.

---

[1] The Services Agreement contains confidential information, including pricing information, and has not been attached. Copies can be provided to the Court and Defendant upon request and subject to appropriate confidentiality protections.

[2] The Staffing Agreement contains confidential information, including pricing information, and has not been attached. Copies can be provided to the Court and Defendant upon request and subject to appropriate confidentiality protections.

The Staffing Agreement and the Services Agreement are collectively referred to as the "Agreements" and individually each as an "Agreement."

9. RehabCare performed all obligations required of it under the Agreements, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

10. Pursuant to the Agreements and RehabCare's performance thereunder, Defendant is obligated to pay for the services provided by RehabCare.

11. Despite repeated demands for the sums due and owing under the Agreements, Defendant has failed and refused to pay for services provided by RehabCare. The outstanding balances are accruing interest pursuant to the terms of the Agreements.

12. RehabCare conferred with Defendant numerous times regarding the outstanding invoices for services provided and amounts past due and made repeated demands for payment.

13. During conferences between RehabCare and Defendant, Defendant represented to RehabCare that the outstanding invoices would be paid and requested that RehabCare continue to provide services.

14. Despite RehabCare's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Defendant failed to pay for services provided by RehabCare.

15. Defendant entered into the Agreements with RehabCare or induced RehabCare to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreements.

16. Upon information and belief, Defendant has been reimbursed by Medicare for all or a significant portion of the services provided by RehabCare, and have directly or indirectly benefitted from such reimbursement.

## COUNT I – BREACH OF CONTRACT

17. RehabCare incorporates by reference the allegations previously set forth above.

18. The Agreements are valid and enforceable contracts.

19. Without legal justification or excuse, Defendant materially breached the Agreements with RehabCare by failing to perform its obligations thereunder.

20. As a direct and proximate result of the breaches of the Agreements, RehabCare has suffered damages. As of the date of this filing, Defendant owes RehabCare the principal balance of $463,438.82 for goods and services provided by RehabCare to Defendant under the Agreements and for which Defendant has not paid.

21. Interest is accruing at 14% per annum on the unpaid balance of invoices, as per Paragraph 5.3 of the Services Agreement.

22. Pursuant to Paragraph 5.3 of the Services Agreement, "[i]f RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection." RehabCare has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendant. RehabCare is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendant.

23. Interest is accruing at 14% per annum on the unpaid balance of invoices, as per Paragraph D(3) of the Staffing Agreement.

24. Pursuant to Paragraph D(3) of the Staffing Agreements, "[i]f RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection." Paragraph D(3) of the Agreement further provides that: "[i]f [RehabCare] is required to collect any amounts past due through use of an attorney, [Defendant] shall be responsible for payment of all of [RehabCare's]

4

legal fees and other costs of collection." RehabCare has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendant. RehabCare is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendant.

WHEREFORE, RehabCare requests judgment against Defendant as follows:

A.  An award of damages in an amount to be proven at trial for the outstanding principal balance of at least $463,438.82;

B.  RehabCare's costs, expenses, and attorneys' fees associated with the prosecution of his action;

C.  The imposition of a constructive trust on sums received by Defendant as Medicare reimbursement for therapy and rehabilitative services provided by RehabCare and not paid for by Defendant;

D.  Pre-judgment interest and post-judgment interest; and

E.  All other relief to which RehabCare may be entitled.

## COUNT II – PROMISSORY ESTOPPEL

25. In the alternative to Count I, RehabCare asserts this claim for Promissory Estoppel.

26. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

27. Defendant made promises to RehabCare for the purpose of inducing RehabCare to continue providing services to Defendant.

28. RehabCare reasonably relied upon such promises made by Defendant.

29. Defendant's promises and RehabCare's reliance thereon resulted in detriment and damages to RehabCare and RehabCare is entitled to recover damages in an amount to be proven at trial.

WHEREFORE, RehabCare requests judgment against Defendant as follows:

A. An award of damages in an amount to be proven at trial;

B. RehabCare's costs, expenses, and attorneys' fees associated with the prosecution of his action;

C. The imposition of a constructive trust on sums received by Defendant as Medicare reimbursement for therapy and rehabilitative services provided by RehabCare and not paid for by Defendant;

D. Pre-judgment interest and post-judgment interest; and

E. All other relief to which RehabCare may be entitled.

### COUNT III – UNJUST ENRICHMENT

30. In the alternative to Counts I and II, RehabCare asserts this claim for Unjust Enrichment.

31. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

32. RehabCare has provided valuable services to Defendant for which it has not been paid.

33. RehabCare's services were rendered under circumstances pursuant to which Defendant reasonably should have expected RehabCare would expect to be compensated.

34. Defendant has knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by RehabCare, and has wrongfully and intentionally withheld or will withhold such amounts from RehabCare.

35. Consequently, Defendant has been unjustly enriched through the receipt of such services and at the expense of RehabCare.

36. Furthermore, Defendant has a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to RehabCare if it has not timely paid invoices as required by the Agreements. *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

37. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendant as reimbursement by Medicare for therapy and rehabilitation services provided by RehabCare, plus interest, costs, and attorneys' fees.

WHEREFORE, RehabCare requests judgment against Defendant as follows:

A. An award of damages in an amount to be proven at trial;

B. RehabCare's costs, expenses, and attorneys' fees associated with prosecution of this action;

C. The imposition of a constructive trust on sums received by Defendant as Medicare reimbursement for therapy and rehabilitation services provided by RehabCare and not paid for by Defendant;

D. Pre-judgment and post-judgment interest; and

E. All other relief to which RehabCare may be entitled.

Respectfully submitted,

*/s/ Matthew S. Darrough*
Matthew S. Darrough, #46307MO
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6552
Facsimile: (314) 552-7000
mdarrough@thompsoncoburn.com

*Counsel for Plaintiff*